IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS COX, | § | |
| TDCJ-ID NO.1038257, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-1664 |
| | § | |
| HARRIS COUNTY JAIL, | § | |
| Defendants. | § | |

ORDER OF DISMISSAL

Plaintiff, proceeding *pro se,* filed a civil rights complaint under 42 U.S.C. § 1983 alleging that defendants injured his ankle and leg while he lay in a comatose state in the hospital. On April 15, 2005, the Court ordered each defendant to provide plaintiff and the Court with his or her work schedule and a record of the activities he or she performed while on duty during the time that plaintiff was hospitalized from February 10, 2001 until March 9, 2001. Plaintiff was ordered to file within thirty (30) days of receipt of these documents, as shown by defendants' certificate of service, a supplement to his second amended complaint, addressing the complicity and involvement of each defendant in this case. The Court cautioned plaintiff that failure to file a supplement to the complaint may result in dismissal of his complaint for want of prosecution. (Docket Entry No.116). Defendants complied with the discovery order but plaintiff did not file a supplement, as ordered. Consequently, on June 23, 2005, the Court ordered plaintiff to show cause to this Court within twenty (20) days for his failure to respond to the Court's Order to file a supplement to the complaint and to file the supplement with his response. The Court again cautioned plaintiff that his failure to comply may result in dismissal of this action. (Docket Entry No.119).

More than thirty days have expired and plaintiff has not complied with the show cause order. Plaintiff's failure to respond to the Court's show cause order forces the Court to conclude that he

lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is ORDERED that this action be DISMISSED without prejudice for want of prosecution. Defendants' motion for summary judgment (Docket Entry No.110) and any other pending motions are DENIED, without prejudice.

The Clerk will provide a copy of this Order to all parties.

SIGNED at Houston, Texas, on July 29th, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE